UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA           :     SEALED INDICTMENT

    - v. -                         :     S1 09 Cr. 614

WALID MAKLED-GARCIA,               :
    a/k/a "El Turco,"
    a/k/a "El Arabe,"              :

            Defendant.         :

- - - - - - - - - - - - - - - - - -X

## COUNT ONE

(Narcotics Importation Conspiracy)

The Grand Jury charges:

1.  From in or about 2006, up to and including August 2010, in the Southern District of New York and elsewhere, WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, who will first enter the United States in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of

Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

3. It was further a part and an object of the conspiracy that WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

### Overt Acts

4. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

    a. On or about April 11, 2006, co-conspirators not named as defendants herein possessed approximately 5,600 kilograms of cocaine in Mexico.

    b. On or about April 11, 2006, WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, coordinated the transportation to Mexico of the cocaine referenced in subparagraph (a) above.

    c. On or about May 10, 2009, other co-conspirators not named as defendants herein flew an airplane loaded with approximately 1,500 kilograms of cocaine destined for the United States and Europe from Venezuela to Honduras. That

airplane subsequently crash-landed in the vicinity of Utila, Honduras.

      d.   On or about May 10, 2009, WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, coordinated the transportation from Venezuela to Honduras of the cocaine referenced in subparagraph (c) above.

      e.   In or about August 2010, WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, participated in a telephone call in which MAKLED-GARCIA discussed the payment of approximately $200,000 in connection with the trafficking of cocaine.

(Title 21, United States Code, Section 963;
Title 18, United States Code, Section 3238.)

### FORFEITURE ALLEGATION

5.   As a result of committing the controlled substance offense alleged in Count One of this Indictment, WALID MAKLED-GARCIA, a/k/a "El Turco," a/k/a "El Arabe," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to, a sum of money

representing the amount of proceeds obtained as a result of the offense described in Count One of this Indictment.

### Substitute Assets Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 963 and 970.)

_____
FOREPERSON

_Preet Bharara_
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

WALID MAKLED-GARCIA,
a/k/a "El Turco,"
a/k/a "El Arabe,"

Defendant.

INDICTMENT

S1 09 Cr. 614

(Title 21, United States Code,
Sections 963 and 970; Title 18, United
States Code, Section 3238.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.